IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-60178
Summary Calendar

ABDUL KARIM

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 556 522

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Abdul Karim, a native and citizen of Pakistan, seeks review of the Board of Immigration Appeals (BIA)'s February 2007 denial of his motion to reopen his removal proceedings. Karim contends that the BIA erred because he satisfies the four conditions set forth in 8 C.F.R. § 1245.2(a)(1)(ii), making his application for adjustment of status amenable to the immigration judge's (IJ) jurisdiction. The Government argues that the use of the definite article "the" in § 1245.2(a)(1)(ii)(A)-(D) means that, while the IJ in Karim's case would have had

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction over the adjustment application Karim filed before leaving for Pakistan and which was based on his former wife's (Angela Allen) I-130 relative alien visa petition, the new adjustment application Karim has filed based on his current wife's (Nikki Herbst) I-130 petition is not amenable to IJ jurisdiction. Under a plain reading of the regulation, the Government's argument is unassailable because the adjustment application that Karim wants an IJ to adjudicate is not "the previously filed application" that was based on Allen's I-130 alien relative visa petition. § 1245.2(a)(1)(ii)(B) (emphasis added); see S.D. ex rel. Dickson v. Hood, 391 F.3d 581, 595 (5th Cir. 2004) ("We have consistently held that a regulation should be construed to give effect to the natural and plain meaning of its words.").

Karim argues that the BIA erred in it its factual finding that he had not filed a new I-485 adjustment application based on Herbst's I-130 petition. He also argues that the BIA should administratively close his removal proceedings so that he can await the adjudication of his currently pending I-485 adjustment application. After Karim filed his brief in this case, the BIA considered these arguments in the context of a reconsideration motion filed by Karim. In a decision dated June 13, 2007, the BIA acknowledged the factual error but maintained that it did not affect the BIA's February 2007 decision. The BIA also refused Karim's request to administratively close the removal proceedings. Karim has not challenged the BIA's June 2007 order addressing those arguments.

For the foregoing reasons, Karim's petition for review of the BIA's denial of his motion to reopen his removal proceedings is DENIED.